■ Sina Essary et al., Appellants, v Fil M. Greenberg, Respondent.—In an action, *inter alia,* for a judgment declaring that a second mortgage is null and void, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, J.), dated June 25, 1987, which, *inter alia,* denied their motion to (1) direct the defendant to deliver to them an assignment of the second mortgage pursuant to Real Property Law § 275 and (2) direct the defendant to accept a tender of a certain sum as substitute collateral under the second mortgage as provided in paragraph 18 of that instrument.

Ordered that the order is affirmed, with costs.

In 1985 the plaintiff mortgagor, Pushpinder Singh Dhingra

(hereinafter Dhingra) and the plaintiff guarantor, Sina Essary, commenced this action, *inter alia,* for a judgment declaring a $1.2 million promissory note and mortgage instrument usurious and void. The defendant mortgagee, Fil M. Greenberg (hereinafter Greenberg) counterclaimed, *inter alia,* for foreclosure of that mortgage.

Paragraph 18 of the mortgage instrument reads: "Mortgagors shall have the right to substitute security of equal value to the premises covered by this mortgage with the consent of mortgagee, which consent shall not be unreasonably withheld".

In May 1987, approximately two years after the commencement of suit and on the eve of trial, Dhingra offered cash in the amount of $412,255.48 as substitute security of equal value to the premises covered by the mortgage pursuant to paragraph 18. Greenberg rejected the offer on the grounds that the offer was made after default and, therefore, was "untimely". Greenberg also maintained that the proposal did "not offer security of equal value as is required by the governing documents".

We agree with the Supreme Court's denial of that branch of the plaintiffs' motion which was to compel Greenberg to accept such payment pursuant to paragraph 18 of the mortgage. In light of Greenberg's foreclosure action, it would be inequitable to grant the plaintiffs' request for enforcement of paragraph 18 of the mortgage instrument where the plaintiffs have failed to perform their obligations arising out of that same instrument.

We also agree with the Supreme Court's denial of that branch of the plaintiffs' motion which was to compel Greenberg to deliver an assignment of the mortgage pursuant to Real Property Law § 275. The record supports the court's finding that there is no evidence that the full amount of principal and interest due on the mortgage was ever tendered or paid as required by Real Property Law § 275. Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.